SCHAD v. SHARP, *Appellant.*

1. **Circuit Court**: EJECTMENT : PRESUMPTION AS TO JURISDICTION. The circuit court, in the absence of anything appearing in the record to the contrary, will be presumed to have had jurisdiction of land sued for in ejectment.

2. **Evidence** : ABANDONED PLEADINGS. Abandoned pleadings of a party are admissible as evidence against him.

| 95 | 573 |
| 96 | 569 |
| 97 | 180 |
| 97 | 359 |
| 95 | 573 |
| 99 | 149 |
| 99 | 215 |
| 95 | 573 |
| 102 | 77 |
| 95 | 573 |
| 103 | 94 |
| 95 | 573 |
| 108 | 315 |
| 95 | 573 |
| 111 | 418 |
| 112 | 542 |
| 95 | 573 |
| 116 | 395 |
| 95 | 573 |
| 123 | 662 |
| 125 | 407 |
| 95 | 573 |
| 128 | 678 |
| 95 | 573 |
| 137 | 597 |
| 95 | 573 |
| 148 | 441 |
| 149 | 225 |
| 95 | 573 |
| 162 | 405 |

3. Adjoining Proprietors : BOUNDARY LINES. Where two adjoining proprietors are divided by a fence which they suppose to be the true line, each claiming only to the true line, they are not bound by the supposed line, but must conform to the true line when ascertained.

4. ———— : ————— : AGREED LINE. Where there is a dispute as to the true division line, or the line is uncertain, and both adjoining proprietors are ignorant as to its true location, and they fix and agree upon a permanent boundary line, and take possession accordingly, the agreement is binding on them and those claiming under them.

5. The Supreme Court will not pass on the weight of the evidence in actions at law.

*Appeal from Morgan Circuit Court.* — Hon. E. L. EDWARDS, Judge.

AFFIRMED.

*A. W. Anthony* for appellant.

(1) The court erred in refusing instruction number one, asked by defendant. *Taylor v. Zepp*, 14 Mo. 487. (2) The court also erred in refusing instruction number three, as asked by defendant. *Blair v. Smith*, 16 Mo. 281. (3) Defendant's instruction, number eight, was improperly refused. *Turner v. Baker*, 64 Mo. 239; *Lindell v. McLaughlin*, 30 Mo. 32; *Acton v. Dooley*, 74 Mo. 68; *Major v. Rice*, 57 Mo. 384; *Cole v. Parker*, 70 Mo. 373; *McAninch v. Smith*, 19 Mo. App. 244. (4) The amended answer to the original petition was improperly admitted in evidence. 1 Phillips on Evid., top page 89. (5) The court committed error in giving instructions for plaintiff.

*Draffen & Williams* for respondent.

(1) The defendant, in his answer, claimed to have acquired title by adverse possession, and the true location of the land was not in issue. (2) The plaintiff's

second and third instructions properly declared the law of adverse possession, as between adjoining proprietors. *Houx v. Batteen,* 68 Mo. 84; *Tamm v. Kellogg,* 49 Mo. 118; *Thomas v. Babb,* 45 Mo. 384; *University v. McCune,* 28 Mo. 485. (3) The court did not err in refusing instructions asked by defendant. (4) No error was committed by the trial court in permitting the defendant's former pleadings to be read in evidence as admissions. *Anderson v. McPike,* 86 Mo. 293; *Dowzelot v. Rawlings,* 58 Mo. 75. No harm could have resulted to defendant from reading these pleadings. Under the pleadings in this case defendant could not have been injured by any ruling as to the testimony concerning the location of the true line. (5) The court below is a court of general jurisdiction. It was not engaged in a special proceeding, and it is not necessary that its jurisdiction should affirmatively appear upon the face of the record. *Gates v. Tusten,* 89 Mo. 13; *Huxley v. Harrold,* 62 Mo. 516.

BRACE, J.—This is an action in ejectment to recover possession of a strip of land containing something less than one acre, the ownership of which depends on the location of the line between the northwest quarter and the southwest quarter of section twenty-six, township forty-three, range sixteen, in Morgan county. The petition is in the usual form, the answer a general denial, with a plea of the statute of limitations. The adverse possession was denied in the reply. The case was tried before a jury, and the plaintiff obtained judgment, from which defendant appeals, and urges a reversal upon grounds which will be noticed in the course of the opinion.

I. The jurisdiction of the circuit court of Morgan county to try the case is for the first time questioned in this court on the ground that the evidence does not show affirmatively that the land sued for is in Morgan

county.   Conceding this to be so, it does not follow that the land was not in Morgan county, and that the circuit court of that county did not have jurisdiction. Nothing appearing in the record to show that the land was not in that county, and the circuit court being a court of general jurisdiction, it will be presumed to have exercised its jurisdiction rightfully, and "nothing shall be intended to be out of the jurisdiction of a superior court but which specially appears to be so." *Gates v. Tusten*, 89 Mo. 13; *Huxley v. Harrold*, 42 Mo. 516.   Enough, however, appears in this record on the pleadings and evidence, apart from this presumption, to show that this land was in Morgan county.

II.   The case was tried on an amended petition and answer, and on the trial the plaintiff was permitted to read in evidence the former pleadings of the defendant; there was no error in this.   *Anderson v. McPike*, 86 Mo. 293; *Dowzelot v. Rawlings*, 58 Mo. 75.

III.   In this case the plaintiff and defendant are adjoining proprietors and purchasers from the same grantor, the plaintiff's deed being dated in June and the defendant's in December, 1868.   At the time the purchases were made there was a fence on a line between the two tracts.   The common grantor, Parks, introduced as a witness by the defendant, testified: "When I sold to Schad, the land in the prairie was fenced on the line of German's survey; he was county surveyor and made the survey for me in 1854; I told Schad the fence was on the line or close to it;   *   *   *   I made the same statement to Sharp when I sold to him."

The defendant did not testify, but it was shown by the evidence that from the time he went into possession of his land he occupied and cultivated the same up to this line, until in 1880 or 1881, when another survey was made at the instance of Schad by a surveyor by the name of Miller.   The line of this survey ran south of the line of German's survey.   Plaintiff claimed that

this latter was the true line and the strip between these two lines is the land in controversy, and on the trial he testified: "Before Miller made his survey I did not claim the land south of the hedge; Mr. German run the line and I had to take it; * * * I did not claim beyond this line until after Miller's survey; * * * I did not know no line; I could not tell where the line was; I did not claim beyond my fence till I found where the line was, and I claimed to it; I claimed my line as soon as Miller measured it to me."

The question which was the true line was submitted to the jury on instructions given for the defendant, the plaintiff asking no instructions on that branch of the case; except a formal one directing the jury that if they found the land sued for to be within the boundaries of the land conveyed to him by Parks, they should find for the plaintiff, unless the defendant made out his defence of adverse possession. On the question of adverse possession, the court gave two instructions for the plaintiff and refused three asked for by the defendant, and the action of the court in giving and refusing these instructions is the principal ground of complaint. They may be considered together. The whole evidence tended to show that each of these parties in the occupation of their lands respectively to the line of the German survey did so upon the supposition that that was the true line between their tracts and not with any intention of claiming or holding any land as theirs beyond the true line, and in plaintiff's instructions given by the court the jury were in effect told that such occupation and claim of property by the defendant beyond the true line would not prevent the plaintiff from showing where the true line was, and his recovery of the land lying between the supposed line and the true line, in the possession of defendant at the commencement of the action, even though such land

had been so in defendant's possession for more than fifteen years.

" It is the well-settled law in this state that when two adjoining proprietors are divided by a fence which they suppose to be the true line, each claiming only to the true line, they are not bound by the supposed line, but must conform to the true line when ascertained." *Jacobs v. Mosely*, 91 Mo. 457 ; *Tamm v. Kellogg*, 49 Mo. 118 ; *Thomas v. Babb*, 45 Mo. 384. Their possession under mistake or ignorance of the true line dividing their premises, and without intending to claim beyond the true line when discovered, will not work a disseisin in favor of either party. *Houx v. Batten*, 68 Mo. 84 ; *St. Louis University v. McCune*, 28 Mo. 481. The instructions given for the plaintiff were in harmony with the principles enunciated in these authorities, were based upon the evidence, and correctly declared the law of the case, and we find no error in either of them that would warrant a reversal after duly considering the criticisms upon them in some minor particulars not necessary to be noticed in detail.

The defendant in the refused instructions in effect asked the court to instruct the jury that if plaintiff and defendant took possession of their respective purchases with the understanding that the German line was the true line of division between their premises, and thereafter, for more than ten years before the institution of this suit, recognized and acquiesced in it as such dividing line, each claiming, using, and occupying the land on his side up to said line as his own for such period, and there was no agreement that if said line was not the true line they would claim to the true line when established, then the plaintiff cannot recover, even though the jury should find that the German line was not the true line. The true principle to be deduced from *Taylor v. Zepp*, 14 Mo. 482 ; *Blair v. Smith*, 16 Mo. 273, and *Turner v. Baker*, 64 Mo. 218, to which we are cited

as an authority for these instructions, is thus stated in *Jacobs v. Mosely*, *supra* : "Where there is a dispute as to the true division line between adjoining proprietors, or the line is uncertain, and they are both ignorant as to its true location, and they fix and agree upon a permanent boundary line and take possession accordingly, the agreement is binding on them and those claiming under them." In this case both plaintiff and defendant were ignorant of the true line. The only information they had on that subject was that derived from Parks, who told them "that the fence was on the line or near to it," and there is not a scintilla of evidence of any agreement between them that the German line should be the boundary line between them, regardless of the actual location of the true line. Under the authorities *supra*, and *Acton v. Dooley*, 74 Mo. 63, such an agreement cannot be inferred from occupation only to that line for a period of more than ten years under the supposition that it was the true line. We think there was no error in refusing these instructions. In actions at law the Supreme Court will not pass upon the weight of the evidence. *Webb v. Webb*, 87 Mo. 541.

The judgment of the circuit court is affirmed. All concur.