SKINKER v. HAAGSMA *et al.*, *Appellants.*

1. **Deed**: PAROL EVIDENCE. Parol evidence is admissible to identify persons or things mentioned in a deed so as to satisfy the description therein, and this is true even where the deed is perfectly intelligible on its face.

2.  **Practice:** FINDING OF FACT BY TRIAL COURT. The supreme court, where there is evidence to support it, will not review the finding of the trial court, that the true line located according to the deeds under which the parties claim would give the plaintiff the premises in controversy.

3.  **Adverse Possession:** BOUNDARY LINES. Where adjoining proprietors of land hold possession to a line under the mistaken belief that it is the true one. such possession is not, as to such true line, adverse to the real owner.

*Appeal from St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*Zach J. Mitchell* for appellants.

(1) Conceding that the common title begins in the will of M. J. Gannon, deceased, it is submitted that the deed of E. J. Gannon to M. J. Gannon, "his wife," did not vest title of E. J. Gannon in the M. J. Gannon, grantor of respondent; and appellants' objection to this deed and evidence of E. J. Gannon, respecting it, should have been sustained, and demurrer to evidence should have been sustained, even conceding ( for argument only ) the strip in issue to be, on proper survey, in the north thirty-acre strip. Or, if admissible in evidence, such deed, evidence of said E. J. Gannon, and that of O. W. Bleek, deputy county surveyor, being all the evidence offered in chief, bearing upon respondent's title, the survey purporting to correct an error in a survey of forty years prior, and wholly *ex parte*, it is submitted the court erred in overruling such demurrer. (2) The court erred, in admitting the deed of E. J. Gannon to Michael J. Gannon, his wife, to prove title in Michael J. Gannon, his brother, and grantor of respondent. And also erred in admitting the testimony of said E. J. Gannon, touching the identification of said Michael J. Gannon, as grantee in said deed. (3) The

court erred in excluding the question directed to appellant Haagsma, tending to prove that he only purchased said south tract, with the understanding, and upon the representation, that the fence indicated its north line, and the strip in issue was embraced therein. (4) The court clearly erred in its declaration of law, number 2, given at the instance of respondent.

*T. K. Skinker pro se.*

(1) The motion for a non-suit was properly refused. The plaintiff had made out a complete chain of title from the common source down to himself; and the testimony of Bleek showed that the land in dispute was part of that embraced in the deeds that constituted this chain. (2) The testimony of Eugene Gannon, that, at the time of making the partition deed to his brother, he (Eugene) was unmarried, and that the Michael Gannon named in the deed as grantee was his brother, was competent. It was offered for the purpose of identifying the grantee. The words "his wife" in the deed are mere words of description, and there is no rule of law against correcting a false description of a person. *Falsa demonstratio non nocet.* Bouvier Law Dic., p. 126. (3) It is immaterial what induced defendants to purchase the land. They bought and took a deed describing the land by metes and bounds which confessedly do not embrace the land in dispute. If the evidence be supposed to have a tendency to characterize defendants' possession as adverse, still there is no reversible error, for the same witness had already testified fully to that. (4) Plaintiff's instructions numbers 3, 5 and 6, in relation to adverse possession and possession under a mistake, seem not to be questioned in this court. They follow the law as settled in many cases. *Keen v. Schnedler*, 92 Mo. 516; *Schad v. Sharp*, 95 Mo. 573; *Jacobs v. Moseley*, 91 Mo. 457; *Cutler v. Waddingham*,

22 Mo. 207; *Walbrunn v. Ballen*, 68 Mo. 164; *Houx v. Batteen*, 68 Mo. 84; *Hamilton v. West*, 63 Mo. 93; *St. Louis University v. McCune*, 28 Mo. 483.

BRACE, J.—This is an action in ejectment to recover possession of a strip of land of four acres off the south side of the north thirty acres, of the east one-half of the northwest quarter of section 12, township 44, range 5, in St. Louis county.

Michael J. Gannon, Sr., who was the owner in fee of said east half, and which contained 81.90 acres, is the common source of title. By his will, he devised said east half to his two sons, Michael J. Gannon, Jr., and Joseph E. Gannon. After the death of their father, these two sons made partition of said tract of land, and each executed a deed to the other for the half which he was thereafter to own and hold in severalty, describing the same by metes and bounds. Plaintiff claims that, by the said will and deeds, Michael J. Gannon, Jr., became seized and possessed of the north thirty acres of said eighty-acre tract, and that he has acquired the title of the said Michael J. Gannon thereto, and that the four-acre tract sued for, and which is in the possession of defendants, is a part of, and within the limits of, his said thirty-acre tract. The answer of the defendants was a general denial, and a plea of the statute of limitations. The case was tried before the court without a jury ; the finding and judgment was for the plaintiff, from which the defendants appeal.

I. The plaintiff, to sustain the issues on his part, offered in evidence a deed, dated June 30, 1873, executed by Eugene J. Gannon, conveying to Michael J. Gannon, *his wife*, the thirty-acre tract aforesaid, and parol evidence showing that the grantee, Eugene J. Gannon, was the Joseph E. Gannon mentioned in the will of the said Michael J. Gannon, Sr., deceased, and

to whom was devised an undivided half of said eighty-acre tract in said will, and that the said Michael J. Gannon, the grantee in said deed, was his brother and the person to whom said deed was made, and not his wife, and that he had no wife when the deed was executed and said deed and evidence was admitted over the objection of the defendants. This action of the court is assigned for error, but in it we find no error. Inquiry to identify the persons and things to satisfy the description contained in a written instrument, even when appearing on its face to be perfectly intelligible, is always in order. 2 Taylor's Ev., sec. 1194; 1 Greenl. Ev., sec. 295; *Philibert v. Burch*, 4 Mo. App. 470. And the evidence here, disclosing the fact that the Joseph E. Gannon, the devisee in the will, and the Eugene Joseph Gannon, the grantor in the deed, was one and the same person, was not inconsistent with either written instrument, but served simply to show their application. And the evidence showing that Michael J. Gannon, the grantee in the deed, was the brother, and not the wife, of the grantee, served simply to eliminate from the deed a false description which ought to hurt no one. Broom's Maxims, sec. 629, *et seq*.

II. The plaintiff, by this deed and through mesne conveyances from Michael J. Gannon, introduced in evidence, showed a good legal title in himself to the thirty acres of land contained within the metes and bounds of the description in said deed from Eugene J. Gannon to Michael Gannon, and introduced evidence tending to show that the four-acre strip off the south side of said tract, described in the petition, was within the limits of said metes and bounds, and that defendants were in possession of the same. The evidence for the defendant showed legal title in the defendants, through mesne conveyances from these brothers, to the remaining 51.90 acres of said eighty-acre tract, as contained within the metes and bounds of a deed from

Michael J. Gannon to Eugene J. Gannon of the same date as the former one, from Eugene J. Gannon to Michael J. Gannon. So that the case resolved itself into a controversy as to the location of the boundary line between the two tracts. There was evidence to support the finding of the court that the true line, located according to the deeds under which the parties claim, would give the plaintiff the premises in controversy, and this finding will not be reviewed here, and would settle the case, but for the possession by which the defendants claim to have acquired plaintiff's title thereto.

III. The evidence tends to show that Eugene and Michael Gannon, shortly after Eugene became of age, which was in May, 1873, agreed to divide the eighty-acre tract which their father had devised to them; that they selected three men to make the division; that these men went upon the land, and, supposing it to contain eighty acres, allotted the north thirty acres to Michael and the south fifty acres to Eugene. They took no measurements, ran no lines and fixed no dividing line. Before the deeds were made, however, a survey was made of the whole tract. It was then discovered to contain more than eighty acres. The dividing line between the two tracts was fixed by this survey, stones set to indicate the corners, and the dividing line marked on the ground, and the deeds were made in accordance with the descriptions given by the surveyor, by which Michael got the north thirty acres, and Eugene the south 51.90 acres.

In this connection, Eugene J. Gannon testified: "I immediately had a plank fence built along my east line as far north as my northeast corner, as pointed out by the surveyor, the corner called for by my deed. I stopped at that corner. I also had my tenant, Dunn, put up a cross fence consisting of poles and old rails. I think this latter fence did not go back to the west line

of the tract, only included the land available for cultivation, not the timber, went about half-way back. I never claimed, or intended to claim, any land outside the limits of that deed. The understanding was that I was to take that part. I claimed all the land except the thirty acres in the north end. I claimed according to the description in that deed; never authorized my tenant, or anyone else, to fence any land outside of that 51.90 acres. If Dunn enclosed any outside of that, it was done without my permission; I don't believe it was done. I was there after the fence was built. I think the fence was built according to the deed and the description from the survey."

Q. "Then, if that land was enclosed by your tenant, was it, or was it not, by mistake?" A. "Yes, sir, * * * and without my knowledge."

On the thirteenth of December, 1875, Eugene J. Gannon sold and conveyed his south tract to Henry Waggoner, who testified he had no knowledge whether the fence was on the boundary line described by the deed or not; that he claimed nothing but what the deed gave him; simply went by it, and never authorized anybody to make any other claim for him. January 20, 1876, Waggoner sold the tract to defendant, Broer B. Haagsma, who went into possession in the spring of 1877, and who testifies that, under the Waggoner deed, he took possession of all the land south of the fence, claimed under that deed up to the fence, and ever since has been in possession under such claim. From the time this partition was made, and the deeds executed by the Gannon brothers, June 30, 1873, William Dunn was in possession of the south tract as the tenant of Eugene, and occupied up to the division fence, which he built, until Haagsma went into possession in 1876. This suit was instituted December 4, 1885. The fence that Dunn built disappeared some seven or eight years before this suit was brought, and, two or three years before it was

brought, a wire fence was built, to which defendants claim, and which encloses in their tract the four-acre strip sued for, and which, according to the deeds, is within the boundaries of plaintiff's thirty-acre tract. There was evidence tending to prove that the wire fence was on or near the same line on which the Dunn fence stood.

It is unnecessary to set out or review the instructions in detail, conceding that the wire fence is on the same line upon which Dunn built the rail fence; that the defendants, and those under whom they claim, have been in the continuous and uninterrupted possession of the four-acre strip of plaintiff's land enclosed by those fences with the southern tract, claiming the land up to the line of that fence for more than ten years before the institution of this suit; yet the uncontradicted evidence is that they so occupied and claimed it under the belief that those fences were on the true line, and without any intention to claim beyond the true line, as called for in their deeds, and there is not a scintilla of evidence tending to show any agreement, at any time, between the adjoining proprietors, establishing the line of such fence as the division line between the tracts, regardless of the fact whether it was the true line or not; they simply held to that line under the mistaken belief that it was the true line. Such holding is not adverse to the real owner according to the true line, as has been held repeatedly in this state. *Krider v. Milner, ante*, p. 145; *Schad v. Sharp*, 95 Mo. 573; *Jacobs v. Moseley*, 91 Mo. 457. The instructions of the court were in harmony with the ruling in these and other cases to the same purport, which it is unnecessary to cite.

The judgment was for the right party, and is affirmed. All concur