BRAY, *Appellant*, v. ADAMS *et al.*

### Division One, March 13, 1893.

1. **Practice**: FINDING OF TRIAL COURT, WHEN NOT DISTURBED. Where there is abundant evidence to sustain the finding of the trial court upon a question of fact in a trial at law, such finding will be conclusive on appeal.

2. **Administrator's Deed**: EVIDENCE OF RECITALS THEREIN: TITLE CONVEYED. An administrator's deed, duly executed and acknowledged, which recites the order of sale, the appraisement of the premises, sale made in pursuance of the order, report of sale to the probate court and approval thereof by the court and the payment of the purchase money, is evidence of the facts therein recited and is effective to convey all the right, title and interest of the decedent in the land therein described.

3. **Administration**: PETITION FOR ORDER OF SALE OF LAND: DESCRIPTION. A petition for the order of sale of land of a decedent for the payment of debts need not describe the land asked to be sold; such description is obtained from the exhibits required to be filed with the petition.

4. ———: ———: ———: LOSS OF EXHIBITS. Although, after the lapse of years, exhibits filed with a petition for the order of the sale of land may not be found among the papers of the estate, this fact does not impair the validity of the order, in favor of which every presumption is to be indulged that would be indulged in favor of the judgment of a court of general jurisdiction.

5. **Written Instrument**: DESCRIPTION: PAROL EVIDENCE. Parol evidence is admissible to identify the thing mentioned to satisfy the description in a written instrument.

6.  Deed : TWO DESCRIPTIONS : SURPLUSAGE.   Where a deed contains two descriptions, one applicable to the land to which the grantor had title and the other to land which he did not own, the former will be taken as the true description and the latter rejected as false.

*Appeal from Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Cole & Ditty* and *Vint N. Bray* for appellant.

(1) The sale of real estate by an administrator without an order of court to sell, is void, and an administrator's deed will not pass title to land not described in the order of sale.  *Greene v. Holt*, 76 Mo. 678; *Evans v. Snyder*, 64 Mo. 516; *Henry v. McKerlie*, 78 Mo. 433.  (2) Before sale of real estate belonging to the intestate's estate, there must be a petition for such sale presented to the probate court in which the administration of such estate is pending.  Revised Statutes, 1889, sec. 145; *Teverbaugh v. Hawkins*, 82 Mo. 180; *Jarvis v. Rusick*, 12 Mo. 63.  (3) While perhaps an order of approval may cure certain irregularities, it cannot by any retroactive effect impart validity to a void sale.  *Farrar v. Dean*, 24 Mo. 16; *Cunningham v. Anderson*, 107 Mo. 376.  (4) Parties who rely upon and offer in evidence a deed to support their title, cannot contradict such deed in a material particular such as the description.  It is not admissible to reject a description which is definite and certain in a deed and incorporate other premises by a different description.  *King v. Fink*, 51 Mo. 210; *Hasenritter v. Kirchhoffen*, 79 Mo. 239; 1 Pattison's Digest, par. 327, p. 211, title, Evidence and Cases Cited.  (5) There being no ambiguity in the description contained in the administrator's deed, parol evidence was not admissible to contradict or vary the description.  *Jones v. Shepley*, 90 Mo. 313; *Kochring v. Muemminghoff*, 61 Mo. 407.

*H. C. Timmonds* for respondent.

(1) Under the rules of appellate procedure, appellant's first assignment of error submits nothing to this court for consideration. *Honeycutt v. Railroad*, 40 Mo. App. 677; Supreme Court Rule 15. , (2) A petition for the sale of real estate in the matter of the estate of Nathan Bray, deceased, was filed in the probate court. It will be presumed that this petition was sufficiently formal. *Camden v. Plain*, 91 Mo. 117; *Rowden v. Brown*, 91 Mo. 429; *Sherwood v. Baker*, 105 Mo. 475. (3) The orders of sale are sufficient; a general order to sell is sufficient. *Jackson v. Magruder*, 51 Mo. 55; *Camden v. Plain*, 91 Mo. 117. (4) The sale having been ordered, made, reported and approved, it will be presumed that all requisite antecedent steps had been taken. *Price v. Ass'n*, 101 Mo. 116; *Sherwood v. Baker*, 105 Mo. 476. (5) The administrator's deed is formal in every respect. It is evidence of the facts therein recited. Revised Statutes, sec. 171. (6) Where a deed contains two descriptions, one correct and the other false, the latter will be rejected as surplusage. 2 Devlin on Deeds, sec. 1016. Where one of two different descriptions applies to land which the grantor owned, and the other to land which he did not own, the former will be taken as the true description. 2 Devlin on Deeds, sec. 1016. Where the deed contains two descriptions equally explicit but repugnant to each other, that description will control which the surrounding facts show to best express the intention of the parties. 2 Devlin on Deeds, sec. 1038. Where the description applies to different tracts, a latent ambiguity results, which may be explained by showing which tract was claimed by the grantor. 2 Devlin on Deeds, sec. 1043. (7) The administrator having made the sale under order of the court, the sale having been

duly reported and approved, and the purchase price paid, the purchasers acquired an equity for the legal title, which, notwithstanding an irregular deed or the want of any deed, would prevent the heir from recovering in ejectment. *Henry v. McKerlie*, 78 Mo. 419; *Sherwood v. Baker*, 105 Mo. 476. (8) In any phase of the case, the finding and judgment of the trial court was for the right party.

BRACE, J.—This is an action in ejectment for the recovery of lots 1 and 2 in block 6 in the original town of Lamar, Barton county. The defendants are in possession of the whole block 6. The answer was a general denial. The case was tried by the court without a jury; the finding and judgment were for the defendants, and plaintiff appeals.

The plaintiff is the only child and heir-at-law of Nathan Bray, deceased. It seems that on the plat of the original town of Lamar, block 6 was divided into two lots of equal dimensions by a line running north and south, and that these lots were numbered 1 and 2 respectively. That during the war the town was burned, and either then or before the original plat and the record thereof was destroyed, and there is no record evidence as to which half is lot 1 and which half is lot 2. The plaintiff introduced conveyances tending to show title in Nathan Bray, deceased, to lot 1 in block 6, and parol evidence tending to show that said lot is the east half of said block.

The defendants introduced evidence tending to show that lot 1 in block 6 is the west half of block 6, and to show title thereto under and by virtue of a sale and conveyance made by the administrator of Nathan Bray, deceased, to Crenshaw and Rundell, and *mesne* conveyances from them to defendants.

At the close of the evidence the plaintiff asked the court to declare the law of the case to be as follows:

"1. The court declares the law to be that in this cause the defendants are estopped by their administrator's deed introduced in evidence from denying that lot two (2) and the west half of block six (6) in the original town of Lamar, Missouri, are one and the same identical tract of land.

"2. The court declares the law to be that under the evidence the finding must be for plaintiff as to lot one (1), block six (6) described in the petition, and on behalf of the defendants as to lot two (2) in said block six (6)."

The court refused to so declare, and at the instance of the defendants gave the following declaration:

"1. The court finds from the evidence that lot one (1) in block six (6), and the west half of block six (6) are one and the same piece of land, and declares as a matter of law that the administrator's deed introduced in evidence operated to convey the title to the west half (1-2) of block six (6)."

The land in controversy was described in the administrator's deed as "lot 2, block 6, or the west half of block 6 in the town of Lamar."

I. There were no exceptions saved to the rulings of the court below on the admission of evidence, and the only questions presented by the record for review here arise upon the declarations aforesaid. One of those questions is the finding by the court as a matter of fact that lot 1 in block 6 is the *west* half of that block. Counsel for the plaintiff contend that the trial court committed error in so finding, and the whole of the argument in their brief is devoted to the support of the contention, that the preponderance of the evidence is that lot 1 in block 6 is the east half of lot 6. A careful reading of the evidence fails to satisfy

us that they are correct in this conclusion. But, were it so, there is abundance of evidence to sustain the finding of the court upon this question of fact, and, when such is the case in a trial at law, that finding is conclusive in the appellate court.

II. The deed of the administrator was duly executed and acknowledged, recites the order of sale, the appraisement of the premises, sale made in pursuance of the order, report of sale to the probate court, the approval of the sale by the probate court, and the payment of the purchase money (as required by statute, Revised Statutes, 1879, section 169), was evidence of the facts therein recited and was effective to convey all the right, title and interest to the said Nathan Bray to the land therein described. Sec. 172, *supra*.

An attempt was made to impair the validity of the deed by introducing in evidence several orders of sale of the probate court and a petition for an order of sale by the administrators. The order of sale recited in the deed was an order made at the April term, 1880, evidently a renewal of a previous order made August 21, 1879, which had not been executed. The original order was made on the petition of the administrator after due notice as therein recited, and upon the finding of the court that the available personal property of the deceased was insufficient to pay his debts, and among a long list of the lands of the deceased ordered to be sold was the land in question described therein as "lot 1, block 6, in the town of Lamar, Barton county."

The petition which the counsel introduced presumably for the purpose of impairing the validity of this order did not describe the land asked to be sold, nor was it necessary that it should do so. Revised Statutes, 1879, sec. 146. The description of the land is obtained from the exhibits to be filed with the petition, Sec. 147, *supra*; and although after the lapse of years

these exhibits may not be found among the numerous papers of an estate, many of which the custodian testifies are missing, this fact does not impair the validity of the order, in favor of which every presumption is to be indulged, that would be indulged in favor of the judgment of a court of general jurisdiction. *Camden v. Plain*, 91 Mo. 117; *Rowden v. Brown*, 91 Mo. 429; *Price v. Real Estate Ass'n.* 101 Mo. 116; *Sherwood v. Baker*, 105 Mo. 476.

There is no question but that Nathan Bray owned but one lot in block 6, and that the lot he owned was a half of the block, and that it was intended by the administrator's deed to convey that lot. The first difficulty was in locating it. Inquiry to identify the thing to satisfy the description contained in a written instrument is always in order. *Skinker v. Haagsma*, 99 Mo. 208. Upon this inquiry the court found that the lot he owned, which was lot 1, was the west half of block 6; and also found that the administrator's deed contained two descriptions of the property to be conveyed, one true and the other false; one applicable to the land which he did own and one applicable to land which he did not own.

In such case the law seems to be well settled. "If the deed contains two descriptions, one correct and the other false in fact, the latter should be rejected as surplusage. Where one of two different descriptions applies to land to which the grantor had title, and the other to land which he did not own, the former will be taken as the true description and the latter will be rejected as false. If sufficient remains after rejecting a part of the description which is false, the deed will take effect." 2 Devlin on Deeds, sec. 1016. Lot 2 was a false description in fact in the deed, which being rejected left a true description of the land—"the west half of block 6"—identical with the land described as

lot 1 in block 6 in the chain of Nathan Bray's title, and with the land ordered to be sold for the payment of his debts; and there can be no question that administrator's deed operates to vest that title in the defendant's grantors. The judgment of the circuit court is therefore affirmed. All concur.