McWILLIAMS v. SAMUEL *et al.*, *Appellants.*

Division One, July 9, 1894.

**Adverse Possession:** ADJOINING PROPRIETORS: BOUNDARY LINE. Occupancy by an adjoining proprietor of another's land to a fence under the belief that such fence is the true boundary line, but without claim of ownership to the fence, if not on the true boundary line, does not constitute adverse possession.

*Appeal from Daviess Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

AFFIRMED.

*Hicklin & Yates* for appellants.

(1) Appellants take the ground that respondent is barred by the adverse possession of defendant Samuel. The plaintiff after having permitted defendant Samuel to occupy the land in suit adversely for seventeen years, as his testimony shows that he did, he can not call to

his assistance the shield of his wife's coverture, in order to evade the force of the statute of limitations, as pleaded by the defendants. *Peck v. Lockridge*, 97 Mo. 549, and authorities cited. Plaintiff was married in 1868. (2) Defendant took possession of the land sued for, in 1874, whereby a cause of action accrued to plaintiff, but he deferred bringing his action till it was too late. As to whether the wife might have maintained an action, at the time her husband brought this suit, is not as we view this cause, material to determine. Respondent is plaintiff and must stand or fall as such. The court below should have declared the law as prayed for by defendants, and its action in refusing to so declare the law and in refusing to grant a new trial is reversible error.

*Alexander & Richardson* for respondent.

(1) Where one and those under whom he claims entered upon and occupies land by mistake as to the true boundary line between such land and an adjoining proprietor, but only intending to claim to the line as it might subsequently be ascertained, then such possession is not adverse to the true owner, and title by limitation can not be acquired thereby. *Huckshorn v. Hartwig*, 81 Mo. 648; *Tamm v. Kellogg*, 49 Mo. 118; *Houx v. Batteen*, 68 Mo. 84; *Cole v. Drane*, 116 Mo. 387 and cases cited; *Krider v. Milner*, 99 Mo. 145. (2) In the absence of evidence of intention to hold adversely it will be presumed that intention was to hold only to true line. *Hamilton v. West*, 63 Mo. 93. (3) If line is assumed by parties to be true line, with understanding that the only intention is to claim to extent of their paper title, such possession not adverse. *Majors v. Rice*, 57 Mo. 384. (4) The statute of limitations does not run against a married woman during coverture, if she

was under coverture when her cause of action accrued. *Sutton v. Casselreggi*, 77 Mo. 397; s. c., 5 Mo. App. 111. (5) Husband proper party to sue when title is in wife. *Cooper v. Ord*, 60 Mo. 420; *Dyer v. Wittler*, 89 Mo. 81; *Crispen v. Hannovan*, 86 Mo. 168; *Rust v. Goff*, 94 Mo. 511; *Wilson v. Garaghty*, 70 Mo. 517; *Gray v. Dryden*, 79 Mo. 106.

BRACE, J.—This is an action in ejectment to recover a strip of land off the north end of the east half of the northwest quarter of section 21, township 58, range 9, forty-two and three-fourths links wide at the west end and eighty-seven and three-fourths links wide at the east end; and a strip off the north end of the northeast one-fourth of said section, eighty-seven and three-fourths links wide at the west end of said section 21, and two hundred and five links wide at the east end, in Daviess county, particularly described by metes and bounds in the petition. Plaintiff had judgment below and defendants appeal.

The parties are adjoining proprietors and the land in controversy is within the enclosure of the defendants. It was admitted that the title is in the plaintiff's wife, unless the defendants have acquired title thereto by adverse possession. In the fall of 1871, J. M. Bickell went into possession of defendants' land and in the spring of 1872 set a hedge on what he supposed was the north line of defendants' and the south line of the plaintiff's land enclosing the strip in controversy with defendants' land, and, until this suit was brought in December, 1890, the same has been in the possession of the defendants and their grantors. Said Bickell was examined as a witness and testified, in substance, that he did not know where the true line was; that in setting out the hedge he went by the fence already constructed, setting it so as to correspond with the line of

the fences, east and west; that no survey was made to ascertain where the true line was, but the fence was set upon what he and the neighbors supposed was the true line, and he made his improvements with reference to that, with no intention of claiming anything but the right number of acres.

George W. Samuel, one of the defendants, who acquired title in 1874 and succeeded to the possession of Bickell, testified that the hedge is on the same line now that it was then, and that he always believed that to be the true line. This was the substance of all the evidence upon the question of adverse possession.

The evidence simply tends to show that the defendants have occupied their premises and the strip in controversy, up to the hedge fence aforesaid, believing the same to be on the true boundary line between their land and that of the plaintiff; but fails to show that they so occupied under a claim of ownership to that fence, whether on the true boundary line or not. Such occupancy of the premises in controversy was not adverse, and the plaintiff is not precluded thereby from claiming to the true line, under repeated rulings of this court. *Jacobs v. Moseley*, 91 Mo. 457; *Schad v. Sharp*, 95 Mo. 573; *Krider v. Milner*, 99 Mo. 145; *Skinker v. Haagsma*, 99 Mo. 208.

The judgment of the circuit court is affirmed. All concur.