ERNSTING, *Appellant,* v. GLEASON.

### Division One, February 16, 1897.

1. **Ejectment:** ADVERSE POSSESSION: CORRECT DIVISION LINE. Occupancy by an adjoining proprietor of another's land under a mistake as to the location of the boundary line between them and without any intention of claiming further than the true and correct line, does not constitute adverse possession.

2. ———: ———: ———. But where adjoining proprietors are both ignorant as to the location of the true line and they fix and agree upon a permanent boundary line and such agreement is fortified by possession in accordance therewith, such possession is binding upon the parties to the agreement, and all persons claiming through them.

3. ———: ———: BOUNDARY LINE: EVIDENCE. Such agreement may be shown by facts and circumstances, in determining which long acquiesence and recognition of the line agreed upon by the parties and their privies as the division line, become very important factors.

*Appeal from Holt Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*L. R. Knowles* for appellant.

The following facts are clearly established by the admissions of the defendant and the evidence in this case to wit: (1) At the commencement of this action plaintiff was the owner of the southeast quarter of the northeast quarter of section 34, township 62, range 40, in Holt county, Missouri, and the land in controversy is a part of same, and the defendant was in the possession of the land in dispute. (2) The plaintiff and defendant are adjoining proprietors. (3) A fence was erected by the defendant and a former owner of plaintiff's said land upon what they supposed to be the

true boundary line between their lands and that the defendant and the several owners of plaintiff's said land have since the erection of said fence supposed the same was on the boundary line until the line was established by surveyor Morris. (4) The evidence of the defendant clearly and conclusively shows that he did not claim at any time title to any land beyond the true boundary line. (5) The evidence nowhere shows that the plaintiff or his ancestors intended to surrender title to any land belonging to them or to their said land by the erection of said fence. Under the well settled law in this state, this land in controversy belongs to the plaintiff and he is entitled to possession of it. *McWilliams v. Samuel*, 123 Mo. 659; *Jacob v. Moseley*, 91 Mo. 457; *Schad v. Sharp*, 95 Mo. 573; *Krider v. Milne*, 99 Mo. 145; *Skinker v. Hoagman*, 99 Mo. 208.

*John W. Stokes* for respondent.

BURGESS, J.—Ejectment for the possession of a strip of land twelve feet in width and forty rods in length on the south end of the west half of the northeast quarter of the northwest quarter of section 34, in township 62 of range 40, in Holt county, Missouri.

The petition is in the usual form. The defenses set up in the answer were a general denial, and a plea of the ten-year statute of limitations.

The case was tried by the court, a jury being waived. As a result, there was judgment for defendant and plaintiff appealed.

Both plaintiff and defendant claim title through the same source. On the trial it was admitted that plaintiff owns the west half of the northeast quarter of the northwest quarter of section 34, township 62, range 40. The evidence tended to show that the strip of

land in question is a part of that tract.   But it was shown on behalf of defendant that he had been in the actual possession of the land for over twenty-five years claiming it as his own, and adversely to all others. That he bought the land adjoining it on the south from Jackson Briniger in the spring of 1867, who at that time owned it, as well also as the land described in plaintiff's petition.   That at that time there was a division fence between the two tracts, which has remained in the same place ever since, and which Briniger pointed out to defendant as being the division line between the two tracts, and which was agreed upon by them as being the line, and which was always thereafter recognized by them as such.

Plaintiff prayed the court to declare the law to be as follows:

*First.* If the court believes from the evidence that the land described in plaintiff's petition is within the boundary lines of the land owned by the plaintiff, to wit: The west half of the northeast quarter of the northwest quarter of section 34, in township 62, range 40, the court will find for the plaintiff (which instruction the court gave in a modified form by adding thereto the following:), unless the court should further find that there was an agreement between Jackson Briniger, the former owner of the adjoining land, and defendant Gleason, that the line on which the fence stood should be the line between their lands, and occupied their lands with that intention.

*Second.* That although the plaintiff, and those under whom he claims, and the defendant claimed the fence mentioned in the evidence as the division line between them, supposing the same to be the true line, they are not bound by such line but must conform to the true line when the same is ascertained. If the court believes from the evidence that the line surveyed

by Morris is the true line between the plaintiff's land and the defendant's land, your finding must be for the plaintiff. (Which instruction the court gave by erasing the words "your finding must be for the plaintiff," and adding thereto the following:), unless the court further believes that the line where the fence stands was established by the owners of said adjoining land, as the line between their lands.

*Third.* Although the court may believe from the evidence that the defendant has held and been in possession of the lands in dispute since about the year 1870, but only claiming up to the true line between his lands and the lands of the plaintiff, this would not give the defendant title to said land.

To the action of the court in refusing the declarations of law as asked, and as giving them as modified, plaintiff excepted, and saved his exception.

Occupancy by an adjoining proprietor of another's land under a mistake as to the location of the boundary line between them and without any intention of claiming further than the true and correct line, does not constitute adverse possession. *McWilliams v. Samuel,* 123 Mo. 659; *Schad v. Sharp,* 95 Mo. 573; *Jacobs v. Moseley,* 91 Mo. 457; *Krider v. Milner,* 99 Mo. 145; *Skinker v. Haagsma,* 99 Mo. 208; *Pharis v. Jones,* 122 Mo. 125. But where they are both ignorant as to the location of the true line and they fix and agree upon a permanent boundary line and possession is taken in accordance with the agreement, as in the case at bar, it is not only binding upon the parties to the agreement, but is binding on all persons claiming by, through, or under them. *Jacobs v. Moseley, supra; Taylor v. Zepp,* 14 Mo. 482; *Blair v. Smith,* 16 Mo. 273; *Turner v. Baker,* 64 Mo. 218; *Acton v. Dooley,* 74 Mo. 63; *Goltermann v. Schiermeyer,* 111 Mo. 404. And such agreement need not be shown by direct evidence, but

may be shown by facts and circumstances, in determining which long acquiescence and recognition of the line agreed upon by the parties and their privies as the division line become very important factors.

The law, as declared by the court, is in harmony with our views as herein expressed, and as there was abundant evidence upon which to justify it in so doing, no error in that regard was committed.

The judgment was clearly for the right party and should be affirmed. It is so ordered. GANTT, P. J., and SHERWOOD, J., concur.