### PAULUS et al., Appellants, v. BESCH et al., Respondents.

St. Louis Court of Appeals, October 22, 1907.

1. **WILLS: Election.** Where a testatrix bequeathed her property to her children, dividing it equally among them, leaving to one of them some bank stock in which the testatrix only had a life interest, but which at her death belonged in part to her other legatees, such other legatees by accepting their legacies elected to take under the will and could not claim their interest in such shares of stock.

2. ———: **Designation of Legacy.** Although the testatrix in such case described the shares of stock as "my five shares," but the evidence showed that she owned no other shares and had for a number of years treated the shares mentioned as her own, and the certificate for the shares stood in her own name, this was a sufficient designation of the shares in question to show that she meant to give to one legatee property belonging to the rest and to call for an election on the part of the rest.

3. ———: **Failing Legacy.** And in such case the legacy did not fail on account of the testatrix designating the shares as her property when in fact it belonged to another person.

Appeal from St. Louis City Circuit Court. — *Hon. O'Neill Ryan,* Judge.

AFFIRMED.

*Rassieur, Schnurmacher & Rassieur* for appellants.

*Edward C. Crow* and *O. W. Hammer* for respondents.

(1) The doctrine of election is that devisees cannot hold under and at the same time assert rights contrary to the provisions of a will; and if testator bequeaths property owned by legatee, giving by the same instrument a bequest to legatee, then legatee must elect to take under or against the will. He who accepts a benefit under a will must adopt the whole of it, conforming with all of its provisions, and renouncing every right inconsistent with them. Fox v. Windes, 127 Mo. 511; Stone v. Cook, 179 Mo. 546; O'Reilly v. Nicholson, 45 Mo. 161; Pemberton v. Pemberton, 29 Mo. 408; Tripp v. Nobles, 67 L. R. A. 449; Young v. Biehl (Ind.), 77 N. E. 406; Iorensen v. Carey (Minn.), 104 N. W. 958; Woerner's Administration, sec. 461, p. 1016. (2) When a donor by language of specific description designates the property and by terms of donation bestows upon B some interest, estate or fund which in fact belongs to A, and by the same instrument confers upon A property actually owned by the testator, then a case for an election always arises. 1 Pomeroy's Equity Jurisprudence (3 Ed.), sec. 477; Dillon v. Parker, 1 Swanst. 359, 376, 361, 394, and notes by Mr. Swanston with the cases cited; Greton v. Harned, 1 Swanst. 409, 413, 420, 425, 433, and notes with cases cited.

GOODE, J.—Philip Besch died in October, 1878, leaving his widow Julia, or Julian, and three children, Henry, Conrad and Kate. When he died he owned parcels of real estate in the city of St. Louis and five

shares of stock in the Lafayette Bank, a corporation then doing business under the laws of this State. For these shares he held certificate Number 8. He died testate, bequeathing to his wife Julia all his property real and personal during her life or widowhood, with full power to sell or encumber the same, but bequeathing the remainder over at her death or remarriage to such of the testator's children as should be living when the event occurred. The widow was named as executrix. She probated the will and took possession of the estate, but letters testamentary were not issued to her. The testator owed no debts and Mrs. Besch's possession and management of the estate remained undisturbed until her death in 1895. In 1882, thirteen years before she died, she married a man by the name of Morschel. After that time, as well as before, she collected the dividends on the shares of stock in the Lafayette Bank, retained the certificate and in all ways treated the property as her own, with the knowledge and consent of her children. The original charter of the Lafayette Bank having expired, it was renewed in 1892 and the certificate Number 8, which had stood in the name of Philip Besch, was surrendered and his widow (then Mrs. Morschel) received in lieu thereof and without other consideration, a certificate of five shares of the new corporation, issued in her individual name and numbered 71. It was this new certificate that she retained until her death. When she surrendered the other certificate, in order to have a new one issued, she wrote across the back of the old one an assignment to the bank and signed it "Julia Morschel, sole heiress and widow of Philip Besch, deceased." Mrs. Besch, or Morschel, bequeathed the five shares of stock in the Lafayette Bank, evidenced by certificate No. 71, to the respondent Henry Besch, who was also named as one of the executors of her will. To her other children, Kate Paulus and Conrad Besch, the appellants,

she devised and bequeathed other property in the city of St. Louis, the evidence tending to show the legacies and bequests to the three children were of about equal value. Some of the bequests were real estate. All three of the children accepted and took possession of their respective portions and have been in possession and enjoyment of them ever since, including the bank shares which Henry Besch treated as his own. The clause of his mother's will in which these shares were bequeathed follows a devise of real estate to him and reads as follows: "I also give and bequeath to my said son Henry my five (5) shares of the capital stock of the Lafayette Bank and all dividends payable thereon from and after the date of my death." This proceeding is in the nature of a bill in equity, filed by appellants against their brother Henry Besch, individually and as one of the executors of his mother's will, the appellant Conrad Besch being the other executor, to compel said Henry to produce in court the stock certificate No. 71 for cancellation; to have determined by judicial decree the interest of the three children in said shares; to divest all interest in the estate of Julia Morshel therein and vest the same in appellants and respondent Henry in equal parts and require the Lafayette Bank to issue to each of said parties a certificate for one and two-thirds shares. It will be apparent that the theory on which the suit was instituted is that by the last will of Philip Besch, his widow, the mother of the parties litigant, was not given the five shares of stock in the Lafayette Bank absolutely, but only during her life or widowhood, with remainder over in equal parts to her children; hence that when she remarried her interest in the shares ceased and she could not dispose of them by will, or if this is not true, then it is true that she had only a life interest in the shares without power of testamentary disposition. The position taken by appellants is that Henry Besch, whether he has pos-

session of the certificate of stock in his individual capacity or as executor of his mother's will, only owns such interest in the shares as was bequeathed to him by the will of his father, and acquired no interest by his mother's will; that is to say, he owns an undivided one-third interest in the stock and appellants the other two-thirds, which they seck to have set apart to them. Two defenses were interposed; one that appellants' remedy was barred by limitation, and the other that, having elected to take the bequests given to them by the mother's will, they are now precluded to claim their interest in the bank shares in opposition to the will. It is apparent from the recitals of the decree that the court found against appellants on the latter defense. It is recited that they were not entitled to any interest in the stock save on the condition proffered in respondent's answer, namely; that if appellants would make good to respondent the value of their proportion of the stock, a decree might be entered vesting in each of the parties an undivided one-third interest in it. The decree recites further that appellants had decided not to avail themselves of this privilege; wherefore it was adjudged that they take nothing by their suit. We are clear the court was right in holding the will of Mrs. Morschel called by implication for an election by appellants as to whether they would accept the bequests of the will in their favor, leaving their brother Henry to take the stock bequeathed to him, including their interest in it, or would reject their bequests and take in lieu thereof, their interest in the stock. By accepting the legacies they elected to take under the will and cannot now be held to claim in opposition to its terms. [Fox v. Windes, 127 Mo. 502, 30 S. W. 323.] If Mrs. Morschel devised their interest in the shares to respondent, this presents a clear case for an election, and there is no contention to the contrary. [Streatfield v. Streatfield, 1 White & Tudor Lead. Cas. Eq. part I,

*p. 333 and note; Dillon v. Parker, 1 Swanst. 359 and note; Gretton v. Howard, Id. 408.] The proposition argued by appellants' counsel is that as the testatrix, in bequeathing the shares to respondent, spoke of the intended bequest as "my five shares of the capital stock of the Lafayette Bank," it does not appear on the face of the will that she was intending to dispose of the particular shares in controversy, which were not hers; the natural presumption being that she meant to dispose of other shares which did belong to her. But she neither owned nor had any interest in any other shares and, in addition, had treated the shares in controversy and those for which they were substituted, as her own for about twenty-seven years; that is, from the death of her first husband to her own death. The new certificate was issued in her name and the shares stood in her name on the stock book of the bank. Hence she held the legal title and might well speak of the shares as hers, as no doubt she thought they were. Testimony showing all these facts came in without objection and, indeed, was introduced by both parties; and under a settled rule of evidence we may consider the testimony to ascertain the specific property which the testamentary clause in question was meant to bequeath. [1 Greenleaf, Evidence (Lewis Ed.), sec. 287; 1 Pomeroy, Eq. Jur. (3 Ed.), sec. 473; Sorenson v. Cary, 104 N. W. (Minn.) 958; Bray v. Adams, 114 Mo. 486, 21 S. W. 853; Creasy v. Alverson, 43 Mo. 13.] Likely no extrinsic evidence can be resorted to to show that it was the intention of the testatrix that appellants should not take both the legacies their mother bequeathed them and also their interest in the bank stock under their father's will. That purpose would have to appear on the face of the will. [1 Pomeroy, sec. 473; Sorenson v. Cary, supra.] Appellants' counsel contends that if Mrs. Morschel had no five shares of her own to bequeath, the legacy simply failed; and that this is the interpretation to put on the

will, instead of holding she intended to dispose of shares her children owned. No authorities are cited which bear out this contention; and if it was allowed as the rule to be applied in interpreting instruments of donation, many cases in which an election was compelled under the terms of a donative instrument would have been determined the other way. We find judgments directly in point and holding where a testator had disposed of property, real or personal, as "my" property, when in fact it belonged to another person to whom he bequeathed property of his own, that such other person was put to an election to accept under the will or retain his own property. In no case to which we have been cited was it ruled that the use of the word "my" by the testator in bequeathing or devising property which belonged to a legatee under the will, caused that particular legacy to fail, instead of requiring the owner of it to elect. Cases in point in favor of the opposite interpretation are Pemberton v. Pemberton, 29 Mo. 408; Shuttleworth v. Greave, 4 Mylne & C. 35; Padbury v. Clark, 2 Macn. & G. 298; Sorenson v. Cary, supra. In truth the mistaken belief of a testator that property he attempted to dispose of by will belonged to him, is immaterial on this question. [1 Pomeroy, Eq. Jur. (3 Ed.), sec. 427; Bispham, Eq. (6 Ed.), sec. 303; Streatfield v. Streatfield, 1 White & Tudor Lead. Cas. Eq., Part I, p. 514; Whistler v. Webster, 2 Ves. Jr. 370; Whitley v. Whitley, 31 Beav. 173.] The essential facts are that the will or other document should give property of the testator or donor to a person, and attempt also to give property belonging to such person to some one else. No one can doubt that the shares of stock Mrs. Morschel intended to devise to respondent were those owned by her first husband and bequeathed in his will. As these shares belonged in part to appellants, who were given other legacies by their mother, they had to elect between the shares they owned and the legacies. Probably they

might take the shares on compensating respondent for their value; but we need not pass on this question as they declined to make compensation.

Judgment affirmed.   All concur.