LACLEDE LAND AND IMPROVEMENT COM-
PANY, Appellant, v. HENRY MURPHY et al.

**Division Two, March 30, 1915.**

1. **DEEDS: Identity of Parties: Shown by Parol.**  The identity of
a person named in a deed may be shown by parol evidence.

2. ————: ————: ————: **Suit to Quiet Title.**  In a suit to
quiet title, where the plaintiff claimed under a tax deed in a
proceeding against Isaac D. Critton, the record owner under
a deed from Aaron Casad, and the defendants claimed as the
heirs of Isaac D. Chritton and asserted that their ancestor was
the grantee in the deed mentioned and had died before the tax
proceeding was instituted, the evidence is held sufficient to sup-
port a finding for the defendants, on the ground that Isaac D.
Chritton, ancestor, and Isaac D. Critton, grantee, was one and
the same person.

Appeal from Reynolds Circuit Court.—*Hon. E. M.
Dearing,* Judge.

AFFIRMED.

*J. B. Daniel* for appellant.

(1)    There is no evidence in this case which would
warrant a finding that respondents are heirs of Isaac
D. Critton or that they or their ancestor ever had any
interest in the lands in litigation.  (2)    Upon the whole
record, the law and the evidence, the judgment of the
trial court was for the wrong party, and should be by
this court reversed.  (3)    The sheriff's deeds offered
in evidence by appellant were prima-facia evidence of
title, and they were not overcome by the evidence
offered herein.  R. S. 1909, sec. 1105.

*J. C. Milton* and *Munger & Wise* for respondents.

(1)    It is well settled law that Isaac D. Critton
would be identical with Isaac D. Chritton.  Scarry v.

Lumber Co.; 233 Mo. 686; Meyer v. Brock, 222 Mo. 102. (2) Upon the whole record, the law and the evidence, the judgment of the trial court was for the right party, and his decision should be affirmed. (3) While the sheriff's deed offered in evidence by appellant is, under the statute, prima-facie evidence of title, we maintain that the prima-facie case was overcome by abundance of competent testimony proving that Isaac D. Chritton was the owner of the land at the time of his death in 1868, and that his heirs and legal representatives, not having been sued, remained vested with the title.

WILLIAMS, C.—This suit was instituted in the circuit court of Reynolds county, Missouri, to determine the title to the east half of the northwest quarter and the southwest quarter of section 17, township 29, range 2, east, in Reynolds county, Missouri. Isaac D. *Critton* is the common source of title.

<span style="float:left">Suit to Quiet Title.</span>

In 1886 the land was sold for taxes under a judgment against Isaac D. Critton and others. A tax deed was duly executed and, by mesne conveyances, whatever title the grantee in the tax deed acquired was conveyed to the plaintiff herein. The respondents who appeared and filed answer in the trial court claim to be the owners of said land as the sole and only surviving heirs of Isaac D. *Chritton,* who they contend is the same person as Isaac D. Critton; that he was dead at the time the tax proceedings were instituted and that therefore the tax deed did not pass any title.

Plaintiff introduced in evidence the tax deed and the other mesne conveyances showing that whatever title passed at said tax sale was conveyed to the plaintiff herein. Defendants offered in evidence the plat book of Reynolds county, showing that this land was patented to one Robert E. Bryant; also the record of

deed whereby said Robert E. Bryant and wife, of
Montgomery county, Indiana, conveyed said land to
one Aaron Casad, of Tippecanoe county, Indiana, dated
January 2, 1861; also record of deed from Aaron Casad
and wife, of "Taippecanoe" county, Indiana, to Isaac
D. *Critton*, of Montgomery county, Indiana. This deed
was dated February 27, 1861, and the public record
of the deed shows that it was first filed for record
October 27, 1866, and refiled for record on August 13,
1872.

A. L. Chritton testified for defendants that, since
1891, he had lived in Wichita, Kansas, but had for-
merly lived in Waynetown, Indiana; that he was a son
of Isaac D. Chritton, who, at one time, lived in Wayne-
town, Indiana; that his father died in 1868, then being
a resident of Fountain county, Indiana; that his father
"owned lands in Reynolds county, Missouri; it was
the southwest quarter of section 17, *in* the east half of
the northwest quarter of section 17, township 29, range
2, east, Reynolds county, Missouri, in all 240 acres;"
that his father purchased the land from Aaron Casad
in 1866. That his father sent the deed to Reynolds
county for record and word came back that the deed
was burned. Witness testified that the names of the
heirs of Isaac D. Chritton and their places of residence
are as follows: Elizabeth Chenoweth, Boswell, Indi-
ana; A. L. Chritton, Wichita, Kansas; Amanda
Stancer, Wichita, Kansas; Martha Warfield, Wichita,
Kansas; John W. Chritton, Mutual, Oklahoma; Cath-
erine Salisbury, Wichita, Kansas; Emma Crosby,
Waketa, Oklahoma; Grace Lee, Kerwin, Kansas. The
witness stated that none of the heirs of Isaac D. Chrit-
ton, deceased, ever had possession of the deeds or title
paper to the land in question; that his father died
about 18 months after the purchase of the land, and
that the matter was turned over to the administra-
tor of the estate but that the administrator failed to

find any record of the land in question. In 1910 the witness received the information that the records in Reynolds county showed that his father had never conveyed the 240 acres of land. The witness then made a trip to Reynolds county and placed the matter in the hands of an attorney for investigation.

Martha E. Warfield testified that she was 62 years old and that Isaac D. Chritton, her father, died on April 3, 1868, in Fountain county, Indiana. That her father owned land in Reynolds county, Missouri, and sent the deed there for record and received word from the recorder that the deed had been destroyed by fire; that her father died 18 months after he received that word; that her father wrote several letters about the matter and after his death ''we'' continued to investigate and later the administrator informed ''us'' that he was unable to find a record in Reynolds county showing title in Isaac D. Chritton.

The deposition of J. W. Chritton was read in evidence, wherein the witness states that he is 66 years old and lived at Mutual, Oklahoma; that his father's name was Isaac D. Chritton and that his father resided in Montgomery county, Indiana, in 1866, and that the post-office address was Waynetown, Montgomery county, Indiana, in 1859, and from 1859 to 1866 he resided part of the time in Montgomery county and part of the time in Fountain county. Witness lived with his father to the time of his father's death, which occurred in 1868. That his father bought some land in Reynolds county, Missouri, in 1866, and that he had heard his father talk about it but that was all he remembered about it. He had heard his father say that 40 acres of the land was good farming land; that his father got the land from a man by the name of Aaron C. Casad.

The deposition of Lovina C. Salisbury was read in evidence, in which she testifies that she is 62 years

old and lives in Wichita ,Kansas; that she resided with her father, Isaac D. Chritton, at the time of his death, and that her father bought some land in Reynolds county, Missouri, from Casad and sent the deed for record and received word back that the deed had been burned. The witness saw some mineral which her father brought back from the land and heard her father say that there was a fine spring on the land and that he intended to make his home there. This was in 1866.

The deposition of Amanda Stancer was read, wherein she testified that she was 66 years of age and that she was the daughter of Isaac D. Chritton; that her father resided in Fountain county, Indiana, in 1864, at the time the witness was married, and that her father later moved to Waynetown, Montgomery county, Indiana. The witness produced and identified a letter dated June 10, 1866, which she said her father had written her at the time he lived in Waynetown, Indiana. The letter was signed "I. D. Chritton."

A. L. Chritton being recalled by defendants testified that his father, Isaac D. Chritton, resided in Montgomery county, Indiana, in 1851, and moved first to Franklin county, Indiana, and later to Illinois, and then, in 1855, moved back to Waynetown, Montgomery county, Indiana, and lived there until 1867, when he again moved to Fountain county, Indiana; that the place in Fountain county to which he moved was about eight miles from where he had lived in Montgomery county. The witness was working at his father's home in Montgomery county, Indiana, in 1866; that a man by the name of Isaac C. Durham showed his father the land in Reynolds county, Missouri, and that his father came back home and closed the deal and sent the deed to be recorded and word came back that the deed was destroyed by fire. Upon cross-examination the witness further testified: "I don't know exactly when it was that word came back that the deed had been

burned up, but it was some time in August, some time during the summer of 1866. We never forgot about the land, but we were all poor and had all we could do to make a living. We did not do anything about this land, we couldn't do anything for we didn't have anything to do with." He further testified that the administrator was five years settling up the estate and that the administrator said that he could not find any trace of the land.

In rebuttal, Mr. J. S. Carty testified, for the plaintiff, that the Reynolds county courthouse was destroyed by fire in 1872 and that none of the deed records were saved from the fire. The witness was there when the fire occurred. Plaintiff introduced in evidence another deed which recited that the deed records were destroyed by fire on the 4th day of July, 1867, and on the 24th day of November, 1871.

Trial was had before the circuit court, without a jury, resulting in a judgment decreeing that the above-named heirs of Isaac D. Chritton were the owners of said land and that the plaintiff and the defendants other than those filing answer in the cause had no title or interest in the land. Thereupon plaintiff duly perfected an appeal to this court.

The only question presented upon this appeal is one of identity. Was Isaac D. Chritton, deceased ancestor of respondents, the same person as Isaac D. Critton, the grantee in the deed executed by Aaron Casad, dated February 27, 1861, and first recorded on October 27, 1866? If the said ancestor was the same person as the above-mentioned grantee the judgment should be affirmed, if otherwise the judgment should be reversed.

**Deed: Identity of Parties: Shown by Parol.**

The identity of a person named in a deed may be shown by parol evidence. [Skinker v. Haagsma, 99 Mo. 208, l. c. 212.]

The evidence is fully set forth in the foregoing statement and a further review here is unnecessary. While some slight inconsistences appear in the evidence, yet, when considered as a whole, the evidence produced was undoubtedly sufficient to justify the court in finding the fact to be that Isaac D. Chritton, ancestor, and Isaac D. Critton, grantee, was one and the same person.

The judgment is affirmed. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court. All the judges concur.