ATCHISON, *Appellant*, v. PEASE.

1. **Adjoining Proprietors : BOUNDARIES.** Where there is a dispute as to the true division line between adjoining proprietors, and they fix and agree upon a permanent boundary line, and take possession accordingly, the agreement is binding on them and those claiming under them.

2. —— : —— : STATUTE OF FRAUDS : PRACTICE. An agreement fixing a permanent boundary line between adjoining proprietors is not within the statute of frauds, and the facts may be shown in an action of ejecctment, where the answer is only a general denial.

3. —— : —— : STATUTE OF LIMITATIONS. Where a boundary line was agreed upon by adjoining owners and possession taken accordingly, and held continuously and adversely for ten years before commencement of an action for its recovery, the statute of limitations will constitute a complete defense.

4. **Mortgageor and Mortgagee:** SALE TO STRANGER BY MORT-
GAGEOR : POSSESSION OF PURCHASER : LIMITATIONS. A mortgageor
of land remains the owner and may sell it, and when he sells to
another than the mortgagee, the presumption is, in the absence of
proof to the contrary, that the possession of the mortgageor and
such purchaser was amicable and not adverse to the rights of the
mortgagee, and the purchaser under the mortgage succeeds to the
possession of both, and their possession constitutes a part of the
time upon which he may rely to make out an adverse possession
of ten years.

*Appeal from Audrain Circuit Court.*—HON. ELIJAH
ROBINSON, Judge.

AFFIRMED.

*W. B. McIntyre* for appellant.

(1) In order to make the successive possessions of
different persons operate as a bar there must have
existed a privity between them. And the privity of
estate required is such as arises from the relation of
ancestor and heir, grantor and grantee, devisor and
devisee. 3 Wait's Acts. & Def. 105. (2) Defendant's
instruction numbered two should not have been given.
It assumes facts not in evidence. Brown did not give up
his land to induce the Levitts to buy of Kellog. Neither
did the Levitts complete their purchase of Kellog. The
bond of Kellog to Levitts was assigned back to Kel-
log, in February, 1874, three years after Kellog sold to
Bergen. See 1 Greenl. Ev. sec. 207 ; *Kinnear v. Mackey*,
85 Ill. 96 ; *Knox v. Clifford*, 38 Wis. 651. (3) If such
evidence was properly admitted over plaintiff's objection
under the pleadings, it was not sufficient to constitute
an estoppel. But the issues tendered in the pleadings
did not authorize evidence or instructions based thereon,
of estoppel. *Noble v. Blount*, 77 Mo. 235, and cases
cited.

*W. O. Forrist* and *W. W. Fry* for respondent.

(1) When adjoining proprietors fix and agree upon a permanent boundary line and take possession accordingly, the agreement is binding on them and those claiming under them, and such an agreement is not within the statute of frauds. *Jacobs v. Moseley*, 91 Mo. 462. Therefore the agreement between Kellog and Brown is binding on the parties in this action and was a proper defense herein under a general denial. *Jacobs v. Moseley, supra.* (2) The adverse possession of defendant was certain, open, notorious and continuous from March, 1870, and such as perfected defendant's title. *Cole v. Parker*, 70 Mo. 378; *Walbrum v. Ballue*, 63 Mo. 164. (3) Until the final foreclosure of a mortgage or deed of trust the mortgageor continues the owner of the estate and has the right to sell, etc., so long as he remains in possession. *Kennett v. Plummer*, 48 Mo. 142; *Woods v. Hilderbrand*, 46 Mo. 284; *Masterson v. Railroad*, 70 Mo. 347; *Jackson v. McGruder*, 51 Mo. 59.

BLACK, J.—This is an action of ejectment to recover some eight acres of land off of the north side of a designated quarter of a quarter section. The plaintiff acquired this south forty-acre tract from W. G. Brown in 1882, who owned it as far back as 1870. A. D. Kellog owned the forty acres on the north in 1870 and 1871. In 1870 he sold the land to Frank and Thomas Levitt and gave them a bond for a deed, which they assigned back to Kellog in 1874. In February, 1871, Kellog conveyed to B. F. Bergen, who, on the same day, made a deed of trust thereon to secure a debt therein described. B. F. Bergen conveyed to C. H. Bergen in July, 1872. The property was sold under the deed of trust in 1876 to Guthrie and Gentry, through whom the defendant acquired title.

The evidence of Frank and Thomas Levitt is to the effect that there was a dispute between Brown and Kellog in 1870 as to the boundary line ; that they refused to buy the land until this dispute was settled ; that Brown, Kellog and Frank Levitt went to the land, and then and there fixed and agreed· upon a boundary line, different from that where the fence was then located.   Their evidence is, that the fence was by them removed to this agreed line.   This was done in 1870 or 1871.   Other evidence shows that the defendant and those under whom he claims have cultivated the north forty up to this fence from 1870 or 1871 to the trial of this cause.

The adverse possession has been continuous.   This suit was commenced in May, 1884.   We held in the case of *Jacobs v. Moseley*, 91 Mo. 462, that where there is a dispute as to the true division line between adjoining proprietors, and they fix and agree upon a permanent boundary line, and take possession accordingly, the agreement is binding on them and those claiming under them.   Such an agreement is not within the statute of frauds, and such facts may be shown in an action of ejectment, where the answer is a general denial only. The same doctrine is asserted in the subsequent case of *Schad v. Sharp*, 95 Mo. 574.   The evidence is abundant to show that the fence was placed on the compromise line in 1870 or 1871, pursuant to the previous agreement, and it makes no difference whether it was placed there by Kellog or the Levitts.   It was placed there pursuant to the agreement, and since then it has been treated as the true line, and that is sufficient.

So too, if the line was· agreed upon by the owners of the two parcels in 1870, and the defendant and those through whom he claims have had and held continuous adverse possession up to it for a period of ten years before the commencement of this suit, then the statute of limitations is also a complete defense.   A citation of

authorities is not necessary to support so plain a proposition. The case was tried on these principles of law.

The evidence shows that in the defendant's chain of title, there is a deed of trust made by B. F. Bergen in 1871, and that he conveyed to C. H. Bergen in 1872, and that there was a sale under the deed of trust in 1876 to Guthrie and Gentry. It is claimed that the possession of C. H. Bergen from 1872 to 1876 was adverse to the title under which the defendant claims, but this is a misconception of the law. B. F. Bergen, though he made the deed of trust, remained the owner of the land, and had a right to convey to C. H. Bergen; and in the absence of any proof to the contrary, the presumption is, that the possession of B. F. Bergen, the mortgageor, and of C. H. Bergen, who stood in his shoes, was amicable and not adverse to the rights of the mortgagee. The purchaser under the deed of trust succeeds to the possession of the Bergens, and that possession constitutes a part of the possession upon which he may rely to make out the ten years.

The judgment is affirmed. RAY, J., absent, the other judges concur.