Krider v. Milner.

## KRIDER v. MILNER, *Appellant.*

1.  **Practice:** EVIDENCE : RECORD OF SURVEYOR : COPY. A surveyor may use the record of a survey made by him for the purpose of refreshing his memory, although the survey was not made in accordance with the requirements of the statute. A copy of such record may be used for that purpose when it is not objected to as being a copy.

2.  **Division Lines:** ADVERSE POSSESSION. When adjacent proprietors hold possession up to a division fence built for convenience, and without claiming or intending to claim beyond the true line, the possession of the one is not adverse to the other.

3.  ———— : ————. Where there is a dispute as to the true division line between adjoining proprietors, or the line is uncertain and they are ignorant of its true location; and they fix and agree upon a permanent boundary line and take possession accordingly, the agreement is binding on them and those claiming under them.

4.  ———— : STATUTE OF FRAUDS. An agreement between adjoining proprietors, as to the division line between them, is not within the statute of frauds.

5.  **Appellate Practice:** INSTRUCTIONS. While the supreme court may determine whether there is any evidence to support a given theory, still where there is such evidence it has no power to review the finding of facts made by the lower court in actions at law.

6.  ———— : ————. Whether a case at law is tried by the lower court alone or before a jury, the instructions should state hypothetically the facts, so that the supreme court can determine whether the lower court applied correct principles of law.

*Appeal from Greene Circuit Court.*—HON. JAMES R. VAUGHN, Judge.

AFFIRMED.

*Thrasher, White & McCammon* for appellant.

(1)   Where there is not sufficient evidence to support a judgment for plaintiff, the court should so declare the law. *Avery v. Fitzgerald,* 94 Mo. 207; *Wilson v. Albert,* 89 Mo. 537; *Hunt v. Railroad,* 89 Mo. 607;

*Garrett v. Greenwell*, 92 Mo. 120; *Bank v. Armstrong*, 92 Mo. 265; *Hipsley v. Railroad*, 88 Mo. 348; *Spohn v. Railroad*, 87 Mo. 74. (2) On the undisputed evidence in this case, the fence built by A. C. Autery, in 1868 or 1869, marks the boundary line agreed upon by the owners and occupiers of the land adjoining it on either side at that time, and is binding as such upon the parties to this suit. *Schad v. Sharp*, 95 Mo. 573; *Jacobs v. Moseley*, 91 Mo. 457; *Lemon v. Hartsook*, 80 Mo. 13; *Turner v. Baker*, 64 Mo. 218; *Acton v. Jovley*, 74 Mo. 63; *Kincaid v. Dormey*, 47 Mo. 347; *Blair v. Smith*, 16 Mo. 273; *Taylor v. Zepp*, 14 Mo. 482; *Major's Heirs v. Rice*, 57 Mo. 384. Evidence of such agreement is admissible under the general issue. *Jacobs v. Moseley* 91 Mo. 457. (3) On the undisputed evidence in this case, the statute of limitations is a complete bar to this suit. And the court below erred in refusing to give the declaration of law to that effect, asked by the defendant.

*Goode & Cravens*, with *T. W. Kersey*, for respondent.

(1) The court correctly found the facts against the defendant on the question of the statute of limitations— even on the erroneous theory thereof as presented in defendant's declaration of law. The old fence was first constructed in 1869, and both Hale and Franklin took possession of the respective tracts in 1874, less than ten years after the erection of the original fence. And from the date of their possession both believed the fence was not on the line, and agreed that they would sometime have it established; and so this understanding continued between Hale and the plaintiff until the survey in controversy. Where, then, is the evidence of any adverse holding or claim by Hale from 1874 down to 1883 when he surrendered his possession and ownership to the defendant? (2) The possession required

by the statute must be with the intent of asserting an adverse title. Therefore, when parties designate their division lines, through ignorance or mutual mistake, the possession held by either or their grantors will not be adverse. This is especially true where the mistake is afterwards discovered, and declarations are repeatedly made of no adverse claim but of a desire and purpose to correct the error. *Knowlton v. Smith*, 36 Mo. 507; *Tamm v. Kellogg*, 49 Mo. 118; *Wallbrunn v. Ballen*, 68 Mo. 164; *Houx v. Batteen*, 68 Mo. 84; *Cole v. Parker*, 70 Mo. 372; *Acton v. Dooley*, 74 Mo. 63; *Schad v. Sharp*, 95 Mo. 573. (3) There is no element of estoppel *in pais* in this case. There was no silence with knowledge, nor was there any knowledge with silence, nor any silence even without knowledge. There was no silence at all, nor any claim at all, but there was an often-expressed willingness and desire by the party in possession to abide by the correct boundary when ascertained. *Acton v. Dooley*, 74 Mo. 63; *Spurlock v. Sproule*, 72 Mo. 503; *Lemon v. Hartsook*, 80 Mo. 13; *Jacobs v. Moseley*, 91 Mo. 457; *Schad v. Sharp, supra.*

BLACK, J.—This is an action of ejectment to recover a strip of land eight rods wide, off of the south side of the east half of lot two of the northwest fractional quarter of section 4, etc.

Plaintiff owns the east half of lot two which contains, according to government survey, 43.06 acres. Defendant owns the east half of lot one which contains 40.04 acres. The contest is over the proper location of the boundary line; the plaintiff's land is on the north, and the defendant's on the south, of this disputed line. For convenience, each tract will be designated as a forty-acre tract.

It appears a fence had been erected between the two forty-acre tracts as far back as 1868 or 1869 by one Autery who owned the south forty. Mr. Moore, who

then owned the north forty, says he supposed the fence was on the line. Mr. Franklin owned the north forty from 1874 to 1879, and during that time and on to December, 1883, Mr. Hale owned the south forty. Mr. Franklin says he and Hale talked about the line, and Mr. Hale said he thought the true line was in his, Hale's, field ; that Hale agreed with him that the line was in his, Hale's, field, and that sometime they would have the land surveyed and place the fence on the true line. Plaintiff purchased and took possession of the north forty in 1879, and it appears he made a new fence, placing it still further in on his own land, and Hale took the old fence away. The county surveyor says he established the line between plaintiff and Hale at their request in 1883, that both parties were present, and that he found the line to be eight rods south of the fence. Subsequently, and in 1883, the defendant Milner became the owner of the south forty. This suit was commenced in 1885.

The case was tried by the court without a jury; no instructions were asked by the plaintiff. Mr. Youngblood, the county surveyor who made the survey in 1883, attempted to make a record of his survey under the provisions of chapter 158, Revised Statutes, 1879; and he produced in court a copy of this record, which copy was made and certified by himself. On the objection of defendant, the court, by an instruction, excluded this copy because it failed to show that the survey was made in accordance with the requirements of the statute; but the copy was evidently used by the surveyor as a memorandum to refresh his memory in giving his evidence as to how he made the survey and where he found the line. The record could have been used for such a purpose; and since there was no objection to the copy, because it was a copy and not the original, there was no error in allowing it to remain in evidence for that purpose.

That this survey disclosed the true line does not seem to be questioned; and the real contention is, whether, for other reasons, the defendant can hold a part of the land belonging to the plaintiff's forty-acre tract. The principles of law which dispose of this and like cases are not difficult or doubtful. When adjacent proprietors hold possession up to a dividing fence built for convenience, and without claiming or intending to claim beyond the true line, the possession of the one is not adverse to the other. *Kincaid v. Dormey*, 47 Mo. 337; *Walbrunn v. Ballen*, 68 Mo. 165. But where there is a dispute as to the true division line between them, or the line is uncertain, and they are ignorant of its true location, and they fix and agree upon a permanent boundary line, and take possession accordingly, the agreement is binding on them, and those claiming under them. Such an agreement is not within the statute of frauds. *Jacobs v. Moseley*, 91 Mo. 462; *Schad v. Sharp*, 95 Mo. 573; *Atchison v. Pease*, 96 Mo. 566. Now, in this case, the evidence is all to the effect that the owners of these two parcels of land down to the purchase of the south forty by defendant in December, 1883, claimed and claimed only to own to the true line wherever that might be. There was therefore no adverse possession on the part of those through whom the defendant derives title; and the court did not err in refusing to give the instruction asked by the defendant on the statute of limitations; there was no evidence upon which to base it.

It was properly refused for another reason. It simply says: "that on the evidence in this case, the statute of limitations is a bar to this suit." While this court may determine whether there is any evidence to support a given theory, still where there is such evidence it has no more power to review the finding of facts made by the court in actions at law, than it has to review the finding of facts made by a jury in like cases. Whether a case at law is tried by the court alone, or

before a jury, the instructions should state hypotheti-
cally the facts, so that we can determine whether the
court applied correct principles of law.

There is no evidence in the case showing or tending
to show that, prior to the survey made in 1883, there
was ever any agreement between the adjacent owners as
to what should be deemed and taken as the true line.
Those prior owners were in doubt as to where the true
line was, and they left its location to be fixed by a subse-
quent survey. The matter stood in this way when
defendant purchased.

The plaintiff is manifestly the owner of the land for
which he sued and recovered a judgment, and that
judgment is now affirmed.    RAY, C. J., and BARCLAY,
J., absent; the other judges concur.