Irwin v. Woodmansee.

---

IRWIN, *Appellant*, v. WOODMANSEE *et al.*

DIVISION ONE.

1. **Practice in Supreme Court:** FINDING OF FACTS. The finding of facts by a court in an action at law stand upon the same footing as the verdict of a jury, and will not be disturbed by the supreme court if there is substantial evidence to support it.

2. ———— : ADVERSE POSSESSION. The evidence in this case reviewed and *held* to support the finding of the court that defendants' possession of the land in controversy was continuous and adverse.

3. **Practice :** CONTINUANCE. It was not error for the trial court to refuse a continuance because of the absence of a witness, where no diligence was used to procure his evidence at the trial.

4. **Evidence :** DEED, RECITALS IN. Evidence tending to show how land was occupied, and the line to which it was claimed, *held* not incompetent as contradicting the recitals in a deed.

*Appeal from Jasper Circuit Court.* — HON. M. G. McGREGOR, Judge.

AFFIRMED.

*T. B. Haughawout* for appellant.

(1) It being admitted in this case that appellant is the owner of the paper title to the strip of land in question and that he had bought and paid for the same, the burden was on the respondent to prove an adverse and antagonistic possession of said land under color and claim of title by herself, and those under whom she claims, for ten years before the commencement of this action. *Russell v. Davis,* 38 Conn. 562 ; *Boadley v. West,* 60 Mo. 33. (2) There was no adverse possession shown in this case. The fence remaining where it was when David Woodmansee sold to S. D. Woodmansee in 1875 up to the time plaintiff bought in 1883, and could not be considered an act on the part of David Woodmansee indicating his intentions of holding adversely to S. D. *West v. Railroad,* 59 Mo. 510 ; *Brown v. Cockrell,* 33 Ala. 45 ; *Lamb v. Coe,* 15 Minn. 642 ; *Irvine v. Adler,* 43 Cal. 569. (3) Where a person owns a tract of land, and as in this case sells a part of the same to another by metes and bounds, with the understanding that they should both occupy to a certain line until the true line is ascertained by survey, there can be no adverse holding until after the true line is ascertained. *University v. McCune,* 28 Mo. 48 ; *Kincaid v. Danney,* 51 Mo. 552 ; *Tanner v. Kellogg,* 48 Mo. 118. (4) The affidavit of George Cunningham filed in support of the motion for a new trial shows that in the year 1883, at the time appellant bought this tract of land from S. D. Woodmansee, both David Woodmansee and S. D. Woodmansee pointed out to him the true line, nine feet north of the fence between the respective premises, and, therefore, shows conclusively that there never was an

adverse occupancy of the land in question by David Woodmansee, and appellant's motion for a new trial should be sustained. (5) Nancy Woodmansee, in her testimony in this case, claims that the land in question was deeded to S. D. Woodmansee through mistake. This being the case, the statute of limitation did not commence to run until the mistake was discovered, which she testifies was the spring before the commencement of this suit. *Grundy v. Grundy*, 12 Mon. (Ky.) 269 ; *Knowlton v. Smith*, 36 Mo. 507 ; *Thomas v. Babb*, 45 Mo. 384 ; *Gruhe v. Mills*, 34 Iowa, 148. (6) The evidence of Nancy DeMott, and Grant Woodmansee as to what land David Woodmansee intended to deed to S. D. Woodmansee in 1875, was clearly inadmissible as an attempt to change the recitals in a deed by oral testimony. *Wildbahan v. Robidaux*, 11 Mo. 659 ; *Jennings v. Brizeadine*, 44 Mo. 330 ; *Hartt v. Rector*, 13 Mo. 485 ; *Orn v. How*, 55 Mo. 328 ; *King v. Fink*, 51 Mo. 209.

*E. O. Brown* and *C. A. Peterson* for respondents.

(1) Where adjoining proprietors hold possession up to a given line but without claiming or intending to claim beyond the true line, wherever that may turn out to be, the possession will not be adverse to the true owner. But where, as in this case, one takes and holds exclusive possession up to a wall or fence, and claims to be the owner up to that wall or fence, his possession will be adverse. *Cole v. Parker*, 70 Mo. 372 ; *Handlan v. McManus*, 100 Mo. 124 ; *Walbrunn v. Ballen*, 68 Mo. 164 ; *Hamilton v. West*, 63 Mo. 93 ; *Atchison v. Pease*, 96 Mo. 566. (2) Where adjoining proprietors fix or agree upon a certain fence as a boundary line, and take possession accordingly, the agreement is binding on them and those claiming under them. Such an agreement is not within the statute of frauds. *Jacobs v. Mosley*, 91 Mo. 462 ; *Taylor v. Zepp*, 14 Mo. 482 ; *Blair*

*v. Smith*, 16 Mo. 273; *Turner v. Baker*, 64 Mo. 218; *Acton v. Dooley*, 74 Mo. 63; Browne on Frauds, sec. 75; *Krider v. Milner*, 99 Mo. 145. (3) The appellate court in law cases has only the power to review the law declared by the trial court, and when that court is intrusted with both the facts and the law the appellate court must assume the facts to be as the trial court finds them, and the unvarying practice is not to disturb such finding. *Warren v. Maloney*, 39 Mo. App. 295; *Handlan v. McManus*, 100 Mo. 124; *Hamilton v. Boggess*, 63 Mo. 233; *Gaines v. Fender*, 82 Mo. 497.

BRACE, J.—This is an action in ejectment to recover a strip of land nine and one-half feet wide by four hundred and twenty-four and one-half long, in the city of Carthage, in Jasper county. The petition is in the usual form. The suit was originally brought against Nancy Woodmansee, tenant of Harriet Fabyan, who was made a party defendant on her own motion. The defense set up in the answer was the statute of limitations. The case was tried before the court without a jury and resulted in a judgment for the defendant, from which plaintiff appeals.

The suit was instituted on the tenth of June, 1887. David Woodmansee is the common source of title. In 1872 he purchased a three-acre lot in the city of Carthage and took possession thereof, fenced it, erected a house, and made other improvements on the north part of said lot, and built a fence running east and west through the lot, fencing off about an acre on the south side for a cattle lot. On the thirtieth of March, 1875, David Woodmansee conveyed to his son Solomon D., by metes and bounds, the south part of the lot. Solomon took possession of his part of the lot and occupied it to the line of this east and west fence until September, 1880, when he conveyed it, by the same description, to the plaintiff, who took possession and occupied it to the same line by tenants or in person until the spring of

1887, when he had a survey made of his lot and brought this suit.

It was admitted that the strip of land sued for was within the east and west boundary line called for in his deeds, which was about nine and one-half feet north of the line of said fence.    The defendant Fabyan by mesne conveyance has acquired the legal title of David Woodmansee to the north part of said lot not conveyed to his son Solomon.    The strip of land sued for, lying along and north of said fence, has, ever since the conveyance by David Woodmansee to his son Solomon, remained in the open, notorious, continuous, exclusive and actual possession and occupancy of the said David and his grantees, to the line of said east and west fence, and was so in the possession of the defendant when this suit was brought.

I.    The only question in the case was whether such possession by the defendant and her grantors was adverse ; this question of fact was fairly presented and passed upon by the court under a series of declarations of law in which no error is pointed out, and in which we have been unable to discover any.    If any error was committed, it is in the finding of the courts on the facts. When, in an action at law, the facts as well as the law are intrusted to the determination of the court, its finding upon the facts stands upon the same footing as the verdict of a jury, and will not be disturbed if there is substantial evidence to support such finding.    *Handlan v. McManus,* 100 Mo. 124 ; *Skinker v. Haagsma,* 99 Mo. 209 ; *Hamilton v. Boggess,* 63 Mo. 233 ; *Krider v. Milner,* 99 Mo. 145 ; *Miller v. Breneke,* 83 Mo. 163.

In addition to the character of the possession of the premises in dispute by defendant and her grantors as hereinbefore noted, there was evidence introduced tending to prove that in 1875, about the time the conveyance was made by David Woodmansee to his son Solomon, or shortly after, they together built a good substantial plank fence on the line to which defendant

claims ( it is impossible to tell from the evidence, as it appears upon the record, whether the original fence built in 1872 went clear across the lot, or only partly across, or whether the fence of 1875 was a substitute for the original fence, or a part of it, or a continuation of the old fence ; at all events the line was the same ). The evidence further tended to prove that the line of this fence was fixed with much care, and established between the father and son as the boundary line between their properties, and the fence built thereon at large expense, owing to the difficulty of digging the holes for the posts ; that David Woodmansee and his grantees thereafter until the commencement of this suit continuously claimed as their own the strip of land sued for, lying north of and along said fence, and within their inclosure. This evidence was corroborated by the character of the occupation, and improvements made by said David on said strip, immediately along and abutting on said fence, and by evidence tending to show that Solomon Woodmansee always recognized said fence as the true boundary line between his and his father's premises, as long as he remained in possession of the lot bought of his father. In the light of this testimony it is impossible to say there was no evidence to support the finding of the court that the defendant and those under whom she claimed had been in the continuous, adverse possession of the premises for a sufficient length of time to give her title. That such possession, if proven, was adverse, is placed beyond question by the following authorities : *Handlan v. McManus, supra ; Atchison v. Pease,* 96 Mo. 569 ; *Cole v. Parker,* 70 Mo. 372 ; *Walbrunn v. Ballen,* 68 Mo. 164 ; *Krider v. Milner,* 99 Mo. 145.

II. The court committed no error in refusing a new trial on the affidavit of George Cunningham. There was no diligence whatever shown to procure his evidence on the trial.

III. There is nothing in the point that the evidence of Nancy DeMott and Grant Wodmansee was inadmissible as an attempt to change the recitals in a deed. Their evidence tended to prove only how the land was occupied by the Woodmansees, and to what line they occupied and claimed as the boundary line between their premises. Finding no error, the judgment of the circuit court is affirmed. All concur. '