## MONROE MINOR, Appellant, v. J. M. BURTON.

Division One, May 31, 1910.

1. QUIETING TITLE: Action at Law or in Equity: Limitations: Trespass. Whether a suit under Sec. 650, R. S. 1899, to ascertain and determine the title to real estate, is one at law or in equity, depends upon the pleadings. An issue made by pleading the Statute of Limitations to an ordinary action under said section, is one at law, and is triable by a jury. So also is the issue raised by a count in the petition alleging a trespass and asserting and asking for damages for timber removed and the use of the ground by cultivation.

2. ———: ———: ———: Injunction. And a third count in the petition praying for injunctive relief, though equitable in character, is only incidental and auxiliary to the other two law counts, and is wholly dependent upon the findings and a judgment on the question of title and of limitation pleaded thereto, and hence the real issues in the case are issues at law.

3. LIMITATIONS: Trial by Court: Substantial Evidence. A finding of fact in a law case made by the court sitting as a jury is the same as the verdict of a jury in appellate practice. And where there was substantial evidence that defendant had been in actual continuous adverse possession, under claim of title, for forty years, the finding by the judge that there had been such adverse possession as to ripen plaintiff's claim into title will not be disturbed on appeal.

4. ———: Statements by Possessor. Statements of one in possession as to the character and manner of his possession are proper evidence against his grantee, and one to whom such statements were made can testify what they were.

Appeal from Randolph Circuit Court.—*Hon. Willard P. Cave,* Special Judge.

AFFIRMED.

*John N. Hamilton* for appellant.

(1)   Plaintiff having shown that he is the owner in fee of all the southwest quarter of northwest quarter of section 10, and in actual, undisputed possession of the same, except that portion thereof in controversy, the law invests him with the possession of the whole and he can only be dispossessed by actual ouster. Stevens v. Martin, 168 Mo. 407; Bradley v. West, 60 Mo. 53; Douthitt v. Stenson, 63 Mo. 268; Turner v. Baker, 64 Mo. 218.   (2)   Plaintiff having shown that he is the sole owner in fee of the legal title to the land in controversy, the legal seizin and possession follow the title, and the defendant having failed to show any color of title other than by adverse possession and limitation, the defendant must show by greater weight of evidence and to the satisfaction of the court that he and those under whom he claims have had the actual, open, notorious, continuous, adverse and hostile possession of the land in controversy for the period limited by the statute.   Sell v. McAnaw, 158 Mo. 466; Huckshorn v. Hartwig, 81 Mo. 648; Benne v. Miller, 149 Mo. 228; Hunnewell v. Burchett, 152 Mo. 611; Hunnewell v. Adams, 153 Mo. 440; Robinson v. Claggett, 149 Mo. 153.   (3)   Clearing the land in controversy and cutting and hauling fire wood and other timber therefrom, by defendant, does not constitute possession or create title, but merely tends to show claim of ownership.   Defendant's actual possession, in the absence of color of title, extends only to that part actually enclosed by him, if any.   There can be no constructive possession.   Allen v. Mansfield, 108 Mo. 343; Carter v. Hornback, 139 Mo. 238; Robinson v. Claggett, 149 Mo. 153; Cantlen v. Holloday, 151 Mo. 159; McVey v. Carr, 159 Mo. 648; Sweringen v. St. Louis, 151 Mo. 348.   (4)   Although defendant or his grantors, through mistake or ignorance of the true location of the line separating his land from that of

the plaintiff, and with no intention to claim beyond the true line of separation (according to the testimony of John H. Minor), may have cleared and cultivated the land beyond such line and enclosed a portion of the land in controversy, the possession thus acquired will not be adverse and work a disseizin, as it will be presumed that the intention was only to hold to the true line. Hamilton v. West, 63 Mo. 93; McWilliams v. Samuel, 123 Mo. 659; Knowlton v. Smith, 36 Mo. 507; Ernsting v. Gleason, 137 Mo. 594; Schwartzer v. Gebhardt, 157 Mo. 99. (5) Where the possession was originally friendly, as testified by John H. Minor, to convert it into a hostile holding the intention to make the change must be distinctly made known to the true owner. Mo. L. & M. Co. v. Jewell, 200 Mo. 715; Budd v. Collins, 69 Mo. 129; Mier v. Mier, 105 Mo. 411; Comstock v. Eastwood, 108 Mo. 41; Fleming v. Kemp, 170 Mo. 235. (6) Entry and possession under a license from the owner, either oral or written, is not adverse and cannot become the foundation of a title by limitation. Fleming v. Kemp, 170 Mo. 235. (7) There is no precise rule prescribing what constitutes adverse possession. The facts and circumstances of each case, the location, condition and purposes for which used, must be taken into consideration, and the acts of ownership must be understood as directed to them. Under the evidence in this case, the exclusive record ownership, together with the exercise of many acts of ownership and possession, including the payment of taxes by plaintiff's grantors from 1863 to 1889 and from 1897 to the institution of this suit, conclusively show that the occasional acts of defendant and his grantors, indicative of a claim of ownership, did not and could not operate as an ouster and disseizin of plaintiff. Especially as defendant admits he never paid any taxes on the land in controversy. Hunnewell v. Burchett, 152 Mo. 611; Benne v. Miller, 149 Mo. 228. (8) Mere naked pos-

session never ripens into title and one taking possession of land without legal or equitable right thereto is simply a trespasser. Crowl v. Crowl, 195 Mo. 338; Baber v. Henderson, 156 Mo. 566; Smith v. McCorkle, 105 Mo. 135; Wilson v. Purl, 148 Mo. 449. Prior to passage of the Act of 1869, patents for all swamp land sold by the county courts, were issued by the Governor, countersigned by the Secretary of State and registered in the office of the register of lands, or else conveyed under provisions of a special act of the Legislature. Simpson v. Stoddard County, 173 Mo. 421; State v. Crumb, 157 Mo. 545; Pool v. Brown, 98 Mo. 675; Barton County v. Walser, 47 Mo. 189. Section 6, Laws 1869, page 67, authorized, for the first time, the county court to issue the patents to swamp lands, and prior to that time county courts did not have the power to appoint a commissioner to convey swamp lands. Sturgeon v. Hampton, 88 Mo. 203.

*Hammett & Howard* for respondent.

In the year 1865, the plaintiff's father took possession and fenced the two-acre bend in controversy, under the same fence that enclosed the rest of his farm, and from that time on continuously used the same and exercised the ordinary acts of ownership over same. He cleared about one-half an acre of the land and the same has ever since been cultivated by this plaintiff and those under whom he claims, and the possession of this defendant and those under whom he claims has never been disturbed until plaintiff brought this suit.

GRAVES, J.—This action involves a small tract of land in Randolph county. The quantity involved is about two acres and in that portion of the south one-half of the northwest one-fourth of section ten, township fifty-three, range fifteen west, lying north of Sweet Spring Creek. The petition is in three counts.

Count one is the ordinary pleading under section 650. Count two is an action for trespass, in which the damages are alleged to be one hundred dollars for cutting timber from said land, and fifty dollars for the cultivation of a part thereof for the years 1905 and 1906, or a total of one hundred and fifty dollars. The third count, which is denominated in the petition as a "further cause of action, and as auxiliary to the foregoing," is one praying for injunctive relief. Under this count a temporary injunction was granted.

The answer was first a general denial, to which was coupled a plea invoking the Statute of Limitations. In this portion of the answer it is averred that in 1865 one Samuel Minor owned the eighty acres of land described in plaintiff's petition, and Samuel Burton (father of defendant) owned the eighty acres adjoining on the north; that Sweet Spring Creek ran through both eighties, so as to throw a part of the Burton eighty south of the creek and a part of the Minor eighty north of the creek; that the said Minor and Burton in 1865, in order to have their respective lands contiguous and all on one side of said creek, agreed to exchange the portions cut off by the creek as aforesaid, and to that end made and exchanged deeds conveying the same, one to the other; that the defendant and his grantees have been in the open and adverse possession thereof from that date to the time of the suit.

The reply denied the new matter in the answer and averred that plaintiff and his grantors had been in the open and adverse possession thereof since 1863.

A jury was waived, as shown by the record, and the cause tried before a special judge. The court found for defendant on each count of the petition, and decreed title in defendant under the first count. The temporary injunction was dissolved. After proper steps plaintiff has appealed. Points made and the

necessary portions of the testimony will be noted in the opinion.

I. Valuable in the disposition of this case is the fixing of the character of the suit. The first count of the petition is one under section 650. To this count, the answer pleaded the Statute of Limitations. The issue thus made is one at law and not in equity. On this issue either party was entitled to a jury. It was for a time a mooted question as to whether or not an action under section 650 was an action in equity or at law, but we finally determined the question in the recent case of Lee v. Conran, 213 Mo. 404. In that case we concluded that the character of the suit was dependent upon the issues raised by the pleadings. If the issues thus raised are such as, at the adoption of our Constitution, were triable before a jury, then the parties in an action under section 650 are entitled to a jury, but if the issues raised by the pleadings were not triable before a jury prior to the adoption of the Constitution then the parties are not entitled to a jury. The action given by section 650 is statutory, and we think the construction given in the Lee case, supra, is a reasonable one.

Reverting now to the case at bar there was no issue made by the pleadings under the first count which were not triable by a jury. The second count is one for damages alleged to have grown out of a trespass, which is a pure action at law. Thus far, the whole case is one triable by a jury, had one been demanded. The parties evidently so understood the law for the record recites that they waived a jury.

The third count, whilst equitable in character, is only incidental and auxiliary to the other counts. It is not only actually incidental and auxiliary to the other counts; but it is so alleged to be by the plaintiff. But if it were not so alleged to be, an examination of the pleadings would so show. It is wholly dependent

upon the findings and judgment under the first count. We conclude therefore that the real issues in this case were issues at law, and this will materially assist in the disposition of the only real question, which we take next.

II.   In the court below, the battle was waged upon the issue of adverse possession for the statutory period. Plaintiff exhibited a paper title.   Defendant made no attempt to show a paper title, but relied upon a title by adverse possession.   Upon this question there was a conflict between the evidence offered by plaintiff and defendant.   For the defendant there was substantial evidence of continuous adverse possession, with claim of title, of this small tract of land from the year 1865 or 1866.   This was shown, not only by numerous acts of ownership, but by the actual fencing of the strip of land by a fence running along the bank of the creek.   The finding of the judge, sitting as a jury, upon this issue was for the defendant, and we are asked to reverse the finding of fact, *nisi*.

A finding of a fact in a law case made by the court sitting as a jury is the same in appellate practice as the verdict of a jury.   Such finding will not be disturbed upon appeal, if supported by substantial evidence.   [Vincent v. Means, 207 Mo. l. c. 713; Glade v. Ford, 131 Mo. App. l. c. 169.]

In the Vincent case, we said: "As the cause was tried by the court, a jury being waived, the same presumption is to be indulged in favor of the correctness of the finding as the verdict of a jury, and it will not be interfered with by the Supreme Court unless there be an absence of substantial evidence to sustain such finding.   [Irwin v. Woodmansee, 104 Mo. 403; Godman v. Simmons, 113 Mo. 122; Gould v. Smith, 48 Mo. 43; Gaines v. Fender, 82 Mo. 497.]"

So in this case, there being direct and positive evidence tending to show adverse possession, we will not undertake to review and weigh the evidence upon

which the trial judge bases his finding, that there had been adverse possession for such length of time as to ripen into an absolute title.

III. Point is made that there was error in refusing to permit a witness, John H. Minor, to testify to statements made by Samuel Burton, a former owner of defendant's land, as to the nature of his claim to this small strip. There can be no question that the statements of one in possession as to the character and manner of his possession are proper. [Brown v. Patterson, 224 Mo. 639.]

The error complained of is predicated upon the following in the record:

" 'Q. · State if you know, what, if any, fence and where it was built, on the line between you and Mr. Burton, between this forty and the forty immediately north across this strip of land here in controversy. A. When he moved down there he cleaned it up and his fence come around and took in one-half acre and he didn't know where the line was then and I didn't either, and afterwards we come to find where the line was and I said, you can just leave it.'

"Here counsel for defendant objected to what the witness and Sam Burton said for the reason that—

"Which said objection was by the court sustained and to the action of the court in sustaining the said objection, the plaintiff, by his counsel then and there at the time, duly excepted and saved his exceptions. . . . 'Q. State if you know, how it was that Mr. Sam Burton cleared up and put in cultivation a small portion of this strip of land in controversy? A. He said—'

"Counsel for defendant here objected to what he said for the reason that . . .

"(No ruling by the court).

" 'Q. Answer that question, if you know. A. I answer that it was through a mistake.' "

Taking the first excerpt from the record it will be seen that the question propounded does not call for any statements made by Samuel Burton as to how he held the possession of this strip of land. Nor does the answer to the question undertake to give what Burton said. What is said of the first excerpt applies to the second excerpt. If counsel desired to show what the elder Burton said as to the character of his possession, the question should have been so directed.

Other assignments of error are not of sufficient importance to require notice. Upon the record the judgment should be affirmed and it is so ordered. All concur.